IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) Civil Action No. 7:20CV00058 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| BOARD OF VISITORS OF VIRGINIA | ) Senior United States District Judge |
| MILITARY INSTITUTE, et al., | ) |
| | ) |
| Defendants. | ) |

On January 28, 2020, John Doe, a former cadet at Virginia Military Institute ("VMI"), filed this action against the Board of Visitors of VMI, two VMI officials (collectively, the "VMI Defendants"), and five upper-class cadets (collectively, the "Defendant Cadets"), asserting claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–88; 42 U.S.C. § 1983; and Virginia law. The case is presently before the court on the VMI Defendants' motion to dismiss for improper venue or, in the alternative, to transfer venue to the Lynchburg Division of the Western District of Virginia. The motion has been fully briefed and is ripe for disposition.* For the following reasons, the court will grant the motion to transfer venue. The motion will be denied to the extent that it seeks dismissal for improper venue.

**Background**

VMI is a public military college located in Lexington, Virginia. Compl. ¶ 13, ECF No. 1. At all times relevant to this case, Doe "was a first-year student of VMI and a member of the Corps of Cadets." Compl. ¶ 12. The case stems from actions allegedly taken by the Defendant Cadets on January 30 and 31, 2018, during cadet training. Id. ¶ 2. The specific incidents complained of

---

* The parties waived oral argument on the venue motion.

occurred in the barracks on campus. Id. ¶¶ 56–78. Doe claims that the Defendant Cadets engaged in "waterboarding and other acts of hazing, including but not limited to, sexual assault and/or sexual harassment." Id. ¶ 2. As a result of the Defendant Cadets' alleged actions and the VMI Defendants' purportedly inadequate response, Doe withdrew from VMI. Id. ¶ 95. He now resides in Montgomery County, Virginia, where he attends Virginia Polytechnic Institute and State University ("Virginia Tech"). Id. ¶¶ 12, 95.

On January 28, 2020, Doe filed suit against the VMI Defendants and the Defendant Cadets in the Roanoke Division of the Western District of Virginia. The VMI Defendants have moved to dismiss the complaint on the basis that venue is improper in the Roanoke Division. The VMI Defendants alternatively request that the case be transferred to the Lynchburg Division, where VMI is located.

## Standard of Review

Rule 12(b)(3) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal on the basis of improper venue. When a challenge to venue is raised, the plaintiff bears the burden of demonstrating that venue is proper. Stone v. Wells Fargo Bank, N.A., 361 F. Supp. 3d 539, 549 (D. Md. 2019) (citing Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979)). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). In determining whether such a showing has been made, the court must view the facts in the light most favorable to the plaintiff. Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012).

**Discussion**

Venue in this case is governed by the general venue statute, 28 U.S.C. § 1391(b), and Rule 2(b) of the Local Rules of the Western District of Virginia. Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Pursuant to Local Rule 2(b), civil actions for which venue is proper in the Western District "must be brought in the proper division as well." W.D. Va. Local Gen. R. 2(b). In determining whether divisional venue is proper, the court applies the statutory venue rules for federal district courts, and substitutes the word "division" for the terms "judicial district" and "district." Id. "As such, the court treats statutes and case law governing inter-district venue as equally applicable to issues of divisional venue." Gentry Locke Rakes & Moore, LLP v. Energy Dev. Corp., No 7:17-cv-00102, 2017 U.S. Dist. LEXIS 62996, at *5 (W.D. Va. Apr. 25, 2017).

In this case, it is undisputed that some of the individual defendants reside in states other than Virginia. See Compl. ¶¶ 16–20; see also 28 U.S.C. § 1361(c)(1) (providing that a natural person "shall be deemed to reside in the judicial district in which that person is domiciled"). Therefore, venue is only proper in the Roanoke Division if a "substantial part of the events or omissions giving rise to [Doe's claims] occurred" here. 28 U.S.C. § 1391(b)(2). In determining

3

whether this requirement is met, "a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." Mitrano, 377 F.3d at 405. Instead, "it should review the entire sequence of events underlying the claim." Id. (internal citation and quotation marks omitted).

Applying these principles, the court concludes that Doe has failed to make a prima facie showing that a substantial part of the events or omissions giving rise to his claims occurred in the Roanoke Division. According to the complaint, the incident involving the Defendant Cadets occurred at VMI, which is located in the Lynchburg Division. The same is true for the subsequent actions taken by VMI, which included an investigation by VMI's police department and disciplinary proceedings against three of the Defendant Cadets. It is clear from Doe's response to the pending motion that the only connection to the Roanoke Division is the fact that Doe now attends Virginia Tech. The court agrees with the VMI Defendants that Doe's current residence in Montgomery County is insufficient to make venue appropriate in this Division. For these reasons, the court concludes that Doe has not met his burden of establishing that venue is proper.

When venue is found to be improper, a district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[T]he choice to transfer or dismiss a case afforded by § 1406(a) lies within the sound discretion of the district court." Quinn v. Watson, 145 F. App'x 799, 800 (4th Cir. 2005); see also Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1202 (4th Cir. 1993) (finding no abuse of discretion in declining to transfer a case). Based on the particular circumstances presented—including the statute-of-limitations problem that Doe would face if the case were dismissed—the court is of the opinion that the interests of justice would be best served by transferring the case to the Lynchburg Division, where venue is clearly proper. See Goldlawr,

4

Inc. v. Heiman, 369 U.S. 463, 465 (1962) (citing to the loss of "a substantial part of [plaintiff's] cause of action under the statute of limitations" as "a typical example of the problem [Congress] sought to [avoid]" in enacting § 1406(a)); see also Herman v. Cataphora, Inc., 730 F.3d 460, 466 (5th Cir. 2013) ("Another reason a transfer here is in the interest of justice is to avoid any potential statute of limitations issues . . . .").

## Conclusion

For the reasons stated, the court will grant the VMI Defendants' motion to transfer this case to the Lynchburg Division. The motion will be denied to the extent that it seeks dismissal for improper venue.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 20th day of May, 2020.

/s/ Glen Conrad
Senior United States District Judge